542 S.E.2d 713

**In the Matter of J. Allen LEWIS, Jr., Respondent.**

**No. 25250.**

Supreme Court of South Carolina.

Submitted Jan. 11, 2001.

Decided Feb. 12, 2001.

Henry B. Richardson, of Columbia, for the Office of Disciplinary Counsel.

John Delgado, of Columbia, for respondent.

**PER CURIAM:**

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents

to disbarment.[1] We accept the agreement for disbarment. The facts in the agreement are as follows.

### Facts

Disciplinary Counsel directed inquiries to respondent related to reported irregularities in his operating and trust accounts which raised concerns about check kiting and his compliance with financial record keeping requirements. Respondent addressed correspondence to Disciplinary Counsel denying those problems and assuring Disciplinary Counsel that client funds were never in jeopardy. Respondent had, in fact, engaged in check kiting and other improper banking practices. Client funds were in jeopardy and, thus, respondent's representations to Disciplinary Counsel to the contrary were false. As a result of respondent's improper banking practices, a bank incurred a loss of $19,368, which respondent has repaid in full. This loss was the result of misappropriations by respondent and respondent's irregular and misleading banking practices contrary to banking regulations and the requirements of Rule 417, SCACR.

Respondent served as local counsel for a large corporation and was entrusted with $1,000,000 of the corporation's funds to be used for payment of mechanics' liens. Respondent misappropriated $250,000 of the corporation's funds. When the misappropriation was discovered by the corporation, respondent wrote a letter to the corporation in which he apologized for his actions and promised to repay the funds. Respondent repaid the funds to the corporation with interest. However, respondent misappropriated some of the funds used to repay the corporation from the trust accounts of other clients. Respondent continued to misappropriate funds from his clients after repaying the corporation.

In fifty-one instances where respondent represented clients in personal injury claims, respondent misappropriated all or a significant portion of the settlement proceeds. In the majority of those cases, respondent signed his clients' names to settlement documents and checks without the knowledge or

---

1. Respondent was placed on interim suspension by order of this Court dated February 9, 2000. *In the Matter of Lewis*, 339 S.C. 6, 528 S.E.2d 79 (2000).

consent of the client. Respondent transmitted the settlement documents to the insurance carriers or their counsel and then negotiated the settlement check for respondent's own uses. In many instances, respondent misrepresented to his clients that their cases were still pending when, in fact, respondent had settled their case and misappropriated their settlement funds without their knowledge or consent. As a result of respondent's actions, $368,000 in client funds misappropriated by respondent remain outstanding and unpaid to the clients involved.

In two instances, respondent's clients discovered that respondent had misappropriated funds. When respondent was confronted by one client, respondent repaid the entire amount misappropriated and, in an effort to conceal his misconduct, waived all attorney's fees in connection with the matter and personally paid the client's medical expenses. When respondent was confronted regarding misappropriation of another client's funds, respondent agreed in writing to pay the client $100,000, an amount greatly in excess of the amount misappropriated, in an effort to conceal his misconduct. Respondent repaid that client the amount misappropriated and made some payments toward the additional amount he had agreed to pay.

Respondent's acts of misappropriation were part of an ongoing scheme. In addition to the previous instances of misconduct, there were other instances of misappropriation committed by respondent which were repaid prior to becoming known to the Office of Disciplinary Counsel. Respondent failed to keep adequate records and, when records were kept, the information contained in them was false.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are pursued; a lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and shall explain a matter to the extent necessary to permit a client to

make informed decisions regarding representation); Rule 1.15 (a lawyer shall keep a client's property separate from the lawyer's own property, shall keep records of such account funds, and shall promptly deliver to a client or third person funds that the client or person was entitled to receive, and shall render a full accounting); Rule 8.1(a) (in connection with a disciplinary matter, a lawyer shall not knowingly make a false statement of material fact); Rule 8.1(b) (in connection with a disciplinary matter, a lawyer shall not fail to disclose a fact necessary to correct a misapprehension, and shall not knowingly fail to respond to a lawful demand for information); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving moral turpitude); and Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bringing the legal profession into disrepute); and Rule 7(a)(6) (violating the oath of office).

Respondent also admits that he violated the financial record keeping requirements found in Rule 417, SCACR.

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**